UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GUAILLETEMP JEAN PHILIPPE,<br>    Plaintiff,<br><br>        v.<br><br>CAROL CHAPDELAINE, et al.,<br>    Defendants. | No. 3:15-cv-462 (SRU) |

### INITIAL REVIEW ORDER

The plaintiff, Guailletemp Jean Philippe, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983.  The complaint was received on March 30, 2015, and Philippe's motion to proceed *in forma pauperis* was granted on April 16, 2015.  Philippe names as defendants Warden Carol Chapdelaine, two Doctor John Does and two Nurse Jane Does.  Philippe contends that the defendants were deliberately indifferent to his serious medical needs.

**I.      Standard of Review**

Under section 1915A of Title 28 of the U.S. Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are not sufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and *pro se* documents are liberally construed and interpreted to raise the strongest arguments that they suggest.  *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

## II. Background

Philippe entered MacDougall-Walker Correctional Institution on December 18, 2012.  At that time he was in good health.  On February 1, 2013, he awoke with to sharp pain and swelling in his foot.  He submitted requests to see the medical staff but received no reply until he brought his concerns to the Deputy Warden.  He was kept in the medical department overnight.  His foot was x-rayed and he was returned to his housing unit.  Philippe was not provided crutches, a cane or bottom bunk pass.

On December 28, 2014, a correctional officer summoned medical assistance after observing Philippe's difficulty walking.  Philippe was provided a heating pad for approximately forty-five minutes and an order for crutches that was not renewed after it expired on January 11, 2015.  On December 29, 2014, Philippe's leg was x-rayed.  He has not been informed of the results.  Philippe continued to experience pain and difficulty walking but was not provided assistive devices or pain management.

On January 10, 2015, Philippe experienced severe chest pain.  He was unable to move or breathe.  Correctional staff ignored requests for assistance and did not believe Philippe's claim that he was suffering a heart attack.  After approximately fifteen minutes, correctional staff called the medical department but did not indicate that there was an emergency.  When the nurse arrived, she refused to enter the cell and assist Philippe into a wheelchair, leaving Philippe's

cellmate to move him from the bunk to the wheelchair.  In the medical unit, an electrocardiogram ("EKG") was performed.  Medical staff placed a pill under Philippe's tongue and summoned an ambulance.  Philippe was taken to St. Francis Hospital where an angioplasty was performed.

Philippe describes the above claims at two places in his complaint.  In the section containing his legal claims, however, he includes the following additional allegations.  Philippe was seen by a podiatrist for his foot pain and had an x-ray taken.  The doctor told him that he had a problem that required surgery.  No treatment has been provided for that problem.

On December 23, 2014, a water pipe broke in the cell block causing the cells to flood.  The inmates were not told of the condition or warned that there was water on the floor.  Philippe attempted to get down from the top bunk using a chair rather than the ladder.  The chair slid across the floor and Philippe fell injuring his knee and ankle.  Correctional staff ignored the plaintiff's calls for help and did not summon medical assistance for about an hour.  At the infirmary, Philippe was offered an injection but opted for Ibuprofen or Motrin.  His request to go to the emergency room was denied.  Philippe fell out of the wheelchair and was left on the floor.

**III.   Discussion**

Although Philippe's factual allegations of the complaint support a claim for deliberate indifference to serious medical needs, Philippe has not identified any persons involved in his claim.  The doctors and nurses are named only as John or Jane Doe.  That is insufficient for the court to serve them with the complaint.

Although Philippe has named Warden Carol Chapdelaine, he fails to state a cognizable claim against her.  Chapdelaine is a supervisory official.  To establish a claim for supervisory liability, Philippe must demonstrate one or more of the following criteria:  (1) the defendant

actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct that rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in supervising the officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  The plaintiff also must demonstrate a causal link between the actions of the supervisory officials and his injury.  *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

Philippe has alleged no fact suggesting that Chapdelaine was aware of his medical issues or the manner in which he was treated by medical staff.  The correctional staff who allegedly ignored the plaintiff's requests for medical assistance are not defendants in this case.  Even if they were, Philippe has not alleged facts suggesting that their conduct was the result of any established policy or custom.  Rather, Philippe alleges that the staff believed that he was fabricating his injuries.  As Philippe has alleged no facts showing that Chapdelaine was in any way involved in the conduct giving rise to his injuries, the claims against her are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**IV.   Orders**

The court enters the following orders:

(1) All claims filed against Warden Chapdelaine are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The court cannot serve the complaint on the remaining defendants without their names and current work addresses.  Philippe is directed to file an amended complaint containing the names of the John Doe Doctors and Jane Doe Nurses along with their current work addresses.  He also shall allege facts showing how each of these four defendants violated his constitutional rights.  The amended complaint shall be filed within **thirty (30) days** from the date of this order.  Failure to timely file an amended complaint that complies with this order will result in the dismissal of this action without further notice from the court.

It is so ordered.

Dated at Bridgeport, Connecticut, this 17th day of April 2015.

　　　　　　　　　　　　　　　　　　　　 /s/ STEFAN R. UNDERHILL
　　　　　　　　　　　　　　　　　　　　Stefan R. Underhill
　　　　　　　　　　　　　　　　　　　　United States District Judge